**STATE of Minnesota, Respondent,**

v.

**Stevie O'Neal JOHNSON, Appellant.**

**No. C6–91–1472.**

Court of Appeals of Minnesota.

April 14, 1992.

Review Denied June 10, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Gary S. McGlennen, Asst. County Atty., Minneapolis, for respondent.

John M. Stuart, State Public Defender, Lawrence W. Pry, Asst. State Public Defender, St. Paul, for appellant.

Considered and decided by DAVIES, P.J., and KALITOWSKI and MULALLY,* JJ.

## OPINION

DAVIES, Judge.

Stevie O'Neal Johnson was convicted of controlled substance crime in the second degree. He appeals, claiming his voluntary absence from the trial deprived him of his rights to confrontation and to testify in his own defense. We affirm.

## FACTS

Stevie O'Neal Johnson was tried for controlled substance crime in the second degree, a violation of Minn.Stat. § 152.022, subds. 2(1) and 3(a) (1990). On April 8, 1991, while free on bail, Johnson was present for his *Rasmussen* hearing and jury selection. He was instructed to return the next day by 9:30 a.m. He failed to return and the trial was completed *in absentia*. Johnson was found guilty and, upon rearrest, sentenced to a 44–month prison term. At his sentencing hearing the only explanation Johnson offered for his absence at trial was fear of conviction.

## ISSUE

Was Johnson's voluntary absence after impanelment of his jury a violation of his constitutional rights and the Minnesota Rules of Criminal Procedure?

## ANALYSIS

Johnson appeals his conviction, claiming he was denied his constitutional rights to confrontation and to offer testimony in his own defense. The issue of whether a criminal defendant may be tried *in absentia* is controlled by Minn.R.Crim.P. 26.03, which provides:

Subdivision 1(1). The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules.

(2) The further progress of a trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to waive the right to be present whenever:

1. A defendant voluntarily or without justification absents himself or herself after trial has commenced.

Johnson argues that commencement of trial is analogous to attachment of jeopardy. "A person is in jeopardy and the constitutional provisions attach as soon as a jury is sworn." *State v. Fuller*, 374 N.W.2d 722, 726 (Minn.1985). Since the jury here had not been sworn, Johnson contends that the decision to proceed *in absentia* was erroneous.

We disagree and find that the trial court did not err by following the clear language of Minn.R.Crim.P. 26.03. Impaneling a jury includes "[a]ll the steps of ascertaining who shall be the proper jurors to sit in the trial of a particular case." Black's Law Dictionary 667 (5th ed. 1979). This includes several steps before the swearing of jurors, including voir dire. Impaneling, not swearing, is specifically referenced in the Rule as being a "stage of the trial." We must assume the drafters of the Rule and our supreme court were well aware of the distinction between impaneling and swearing of jurors, and so intended different triggers for waiver and jeopardy.

This reading of the rule comports with the policy goals of judicial efficiency and in no way compromises a criminal defendant's rights. The rule against trial *in absentia* guards against involuntary deprivation of confrontation and testamentary rights due to lack of notice. Once a jury was impaneled in the presence of the defendant, he had clear and unequivocal notice of the commencement of trial. Voluntary absence thereafter is a knowing waiver of constitutional rights. To hold otherwise would countenance flight and impose un-

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

necessary costs and burdens on the criminal justice system.

Johnson admits his absence was voluntary, and the only justification offered for his absence was fear that the trial would result in conviction. We do not find this sufficient justification within the contemplation of Minn.R.Crim.P. 26.03. The conviction is therefore affirmed.

## DECISION

Stevie O'Neal Johnson's trial *in absentia* for controlled substance crime in the second degree comported with due process and the Minnesota Rules of Criminal Procedure. The conviction is affirmed.

Affirmed.