**STATE of Minnesota, Respondent,**

**v.**

**Christopher Michael SAM, Appellant.**

**A17-0012**

Court of Appeals of Minnesota.

Filed November 13, 2017

464

Lori Swanson, Attorney General, Michael Everson, Assistant Attorney General, St. Paul, Minnesota; and Joe Walsh, Mille Lacs County Attorney, Milaca, Minnesota (for respondent).

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant).

Considered and decided by Florey, Presiding Judge; Rodenberg, Judge; and Bratvold, Judge.

## OPINION

RODENBERG, Judge

Appellant Christopher Sam challenges his conviction of second-degree assault, arguing that the district court erred by giving a no-adverse-inference jury instruction without obtaining his personal consent on the record. At trial, appellant's attorney requested the instruction on behalf of appellant, who was voluntarily absent on the final day of trial. We affirm.

## FACTS

Appellant was charged with first-degree aggravated robbery in violation of Minn. Stat. § 609.245, subd. 1 (2014), and second-degree assault in violation of Minn. Stat. § 609.222, subd. 1 (2014). Appellant was absent on the second and final day of his jury trial. Defense counsel was unable to contact appellant regarding his absence, although defense counsel spoke with appellant's mother, who said that appellant had left her residence that morning and that she thought he was heading to the trial. The district court waited for appellant to appear and, when he did not appear, issued a warrant for appellant's arrest. The district court determined that appellant's absence was voluntary, and the jury trial continued in appellant's absence.

As it prepared to submit the case to the jury for decision, the district court asked if defense counsel was requesting a no-adverse-inference jury instruction. Despite a lack of clarity in the transcript, the conversation between the district court and de-

fense counsel is to the general effect that counsel wanted the instruction given. The district court included the no-adverse-inference instruction from 10 *Minnesota Practice*, CRIMJIG 3.17 (2015), in the final jury instructions and provided a written copy of the instructions to the attorneys to review. Defense counsel did not object to the proposed instructions. Appellant's personal consent to the no-adverse-inference instruction is not on the record because he was not in court for the instruction discussion. The record contains no indication concerning whether defense counsel had earlier discussed the no-adverse-inference instruction with appellant. Appellant's attorney prominently referred to appellant's decision not to testify in his closing argument, stressing to the jury that it should not hold against appellant his decision not to testify at trial. The jury found appellant guilty of second-degree assault, and he was sentenced to 54 months in prison.

No valid excuse was provided for appellant's absence from trial. He was eventually located by law enforcement and arrested on the warrant. At a bail hearing after his arrest, defense counsel represented to the district court that appellant had overslept. But appellant's mother had told his attorney that he had left her residence on the morning of trial.

This appeal followed.

## ISSUE

Did the district court plainly err by giving the no-adverse-inference jury instruction after defense counsel requested and consented to it, without first obtaining appellant's personal consent on the record because appellant was voluntarily absent from trial?

## ANALYSIS

**The district court did not plainly err by giving the no-adverse-inference jury instruction without first obtaining appellant's personal consent on the record, because appellant was voluntarily absent from trial and his attorney requested the instruction.**

██ Appellant argues that the district court plainly erred by including a no-adverse-inference instruction in its final jury instructions without obtaining his personal consent on the record. When there is no objection to jury instructions at trial, we will review a claim of error on appeal if the three elements of the plain-error test are satisfied: "(1) there must have been error (2) that was plain and (3) that affected substantial rights." *State v. Darris*, 648 N.W.2d 232, 240 (Minn. 2002). The burden of persuasion on the third element is on the defendant, and it is a "heavy burden [to] show[ ] that there is a reasonable likelihood that the giving of the instruction would have had a significant effect on the jury's verdict." *State v. Gomez*, 721 N.W.2d 871, 881-82 (Minn. 2006) (quotation omitted). If these three elements are met, a reviewing court must also determine whether a new trial is necessary "to ensure the fairness and integrity of judicial proceedings." *Id.* at 880. A careful examination of the record in this case leads us to conclude that none of the elements of the plain-error test are satisfied.

██ The first element of the plain-error test "requires that we determine whether the instructions were in error." *State v. Ihle*, 640 N.W.2d 910, 916 (Minn. 2002). Appellant argues that the no-adverse-inference instruction was error because he did not personally consent to it. Appellant was not present when the district court was preparing final jury instructions, and his attorney was unable to contact him. The district court waited for appellant to appear, and eventually issued an arrest warrant for appellant after he failed to

arrive at court. The record contains nothing to suggest there was an emergent circumstance that compelled or excused appellant's absence. Appellant's mother said that he had left her residence that morning and that she thought he was going to court. Appellant never appeared at court, and he later claimed to have overslept.

When a defendant is voluntarily absent from trial following the impaneling of the jury, the defendant waives his right to participation, and the trial may continue without his presence. Minn. R. Crim. P. 26.03, subd. 1(2) (2015), *see also State v. Johnson,* 483 N.W.2d 109, 110 (Minn. App. 1992) (holding that a defendant's voluntary absence from trial after a jury has been impaneled amounts to "a knowing waiver of constitutional rights"), *review denied* (June 10, 1992).

This case presents an issue of first impression: A defendant is voluntarily absent from court when jury instructions are being discussed and his defense attorney's request for a no-adverse inference jury instruction is granted by the district court without the defendant's personal consent. Previous Minnesota cases requiring the personal consent of the defendant to a no-adverse-inference instruction or, alternatively, evidence that the defendant and his attorney had discussed and agreed to a no-adverse-inference instruction on the record, have not considered the factual circumstance of a voluntarily absent defendant. In *State v. Thompson,* the Minnesota Supreme Court held that a district court should in most cases obtain a criminal defendant's permission before giving a no-adverse-inference instruction and that a record should be made "regarding the defendant's preference in the matter." 430 N.W.2d 151, 153 (Minn. 1988). In *State v. Gomez,* the supreme court characterized the applicable rule as "[i]f the defendant requests the instruction, the court or the

defendant's counsel *must* make a record of the defendant's clear consent and insistence that the instruction be given." 721 N.W.2d at 880 (quotation omitted) (emphasis added). And, in *State v. Clifton,* the supreme court held that when a defendant does not personally state on the record he consents to a no-adverse-inference instruction, giving the instruction is not plain error if the record indicates that defendant and his attorney have conferred and "agreed" to the instruction. 701 N.W.2d 793, 798 (Minn. 2005).

Because he was not present at his trial and his attorney requested the instruction on his behalf, appellant's personal consent to the no-adverse-inference instruction could not be obtained on the record. Appellant does not argue on appeal that the district court erred in proceeding with the trial in his absence after he failed to show up for court on the second and final day of trial. Minn. R. Crim. P. 26.03 plainly permits the trial to continue in this circumstance. Appellant only argues that the no-adverse-inference instruction could not properly be given in his absence.

We see no error in the district court's giving the no-adverse-inference instruction at the request of appellant's attorney when appellant was voluntarily absent from trial. Any other holding would enable a defendant either to obtain a mistrial by refusing to attend trial when jury instructions are being considered, or to challenge on appeal the district court's refusal to instruct the jury as his attorney requested. Minn. R. Crim. P. 26.03 allows the district court to proceed with the trial in these circumstances. In this limited circumstance, with appellant not even present for final argument, it is evident why counsel desired the jury to be so instructed. Because the trial was going to proceed in appellant's absence, an instruction to the jury that it not hold against appellant that it never heard

from him was obviously beneficial to appellant. Granting the request of appellant's attorney for the instruction was not error in this circumstance.

 Moreover, and even if we were to determine that the district court erred, which we do not, any error would not be "plain." An error may be considered plain when it is "clear" or "obvious" to the court at the time of the appeal. *Ihle*, 640 N.W.2d at 917 (quotations and citations omitted). Caselaw establishes that it is ordinarily plain error for a district court to give a no-adverse-inference instruction without a defendant's consent, *Gomez*, 721 N.W.2d at 881 ("Because the record does not contain [defendant's] consent to the giving of the no-adverse-inference instruction, we conclude that giving the instruction was error and that the error was plain."), unless the record contains evidence that the defendant agreed with counsel's request for the instruction, *Clifton*, 701 N.W.2d at 798. But the cases do not address the situation here, where defense counsel requests a no-adverse-inference instruction after the defendant's unexcused absence from trial. As noted, this is a case of first impression. Even if the district court erred in giving the requested instruction, the error was not plain.

 Finally, and even if we were to determine that the district court plainly erred, which we do not, appellant has not satisfied the third element of the plain-error test. He has not shown that any error affected his substantial rights. Appellant must show that there is a reasonable likelihood that the instruction in question had a significant effect on the jury's verdict. *Gomez*, 721 N.W.2d at 881-82.

 Here, appellant argues that the no-adverse-inference instruction substantially affected the verdict because there was not "strong" forensic evidence or testimony from multiple witnesses against appellant. Appellant claims the instruction highlighted his not having testified, and gave the jury an enhanced desire to hear his testimony. A failure to object to a jury instruction may "imply" that "the comments were not prejudicial." *State v. Parker*, 353 N.W.2d 122, 128 (Minn. 1984). Here, not only did appellant's attorney not object to the no-adverse-inference jury instruction, counsel prominently, and for good reason, discussed appellant's decision not to testify in his own summation. Defense counsel stated, "[The] Fifth Amendment to our Constitution says that a person doesn't need to testify in their own trial. [Appellant] obviously didn't testify at his own trial in this particular situation. . . . You simply cannot use the fact that [appellant] did not testify against him." Even if we were to determine that the district court erred and that the error was plain, appellant has failed to show that the no-adverse-inference instruction given here significantly affected the jury verdict. Appellant's own attorney highlighted to the jury in summation that the jury should draw no adverse inference from appellant's decision not to testify.

## DECISION

The district court did not plainly err in giving the no-adverse-inference instruction without appellant's personal consent on the record where the instruction was requested and agreed to by appellant's attorney and appellant was voluntarily absent from trial.

**Affirmed.**